```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
  BRIONES, ET AL.,                                               :
                                                                 :
                                    Plaintiffs,                  :     18-cv-08046-ALC
                -against-                                        :
                                                                 :
  SEA BREEZE FISH MARKET INC., ET                                :     ORDER
  AL.,                                                           :
                                                                 :
                                    Defendants.                  :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/16/2021__

ANDREW L. CARTER, JR., United States District Judge:

The Court is in receipt of the Settlement Agreement filed by the Parties on February 8, 2021. ECF No. 67. The Court has reviewed the Settlement Agreement, as well as the accompanying fairness motion, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Applying *Cheeks*, "courts in this District have repeatedly held that . . . a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of the FLSA, namely, to ensure that workers are aware of their rights." *Arango v. Scotts Co.*, No. 17-CV-7174 (KMK), 2019 U.S. Dist. LEXIS 2660, 2019 WL 117466, at *6-7 (S.D.N.Y. Jan. 7, 2019) (collecting cases). Non-disparagement clauses "can be objectionable in FLSA cases for the same reasons. *Weng v. T&W Rest., Inc.*, No. 15-CV-08167 (PAE) (BCM), 2016 U.S. Dist. LEXIS 83217, at *12 (S.D.N.Y. June 22, 2016). "While not every nondisparagement clause in a FLSA settlement is *per se* objectionable, a clause which bars a plaintiff from making negative statements about a defendant must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case." *Id.* (collecting cases) (internal quotations omitted).

Section 6 of the Settlement Agreement, "Confidentiality", provides:

(a) The Parties agree that the nature and terms of their settlement and this Agreement, including the existence of this Agreement and the Settlement Amount, are to remain strictly and completely confidential. No Party, or agent, representative or attorney for any Party, shall talk about, write about, publicize, make available or otherwise disclose, directly or indirectly, by expression, implication or inference, any information concerning. this Agreement, the terms of this Agreement or the existence of this Agreement, or the discussions, communication, correspondence or negotiations had in connection with it, to any person or entity without the prior written consent of the other Party, except that the Parties may disclose such information on a need-to-know basis to their respective spouses, accountants, insurers, reinsurers, agents, or attorneys, as applicable, subject to such third party's prior agreement to honor this covenant of confidentiality, or as may be required by law. that "Claimants and the Company agree that the monetary sums received in settlement shall remain confidential [and] not be discussed whether written, orally, or electronically with any person(s)".

(b) The Plaintiffs agree that they will not disparage any of the Defendants or any their business, employers or their reputation. The Defendants agree that they will not disparage any of the Plaintiffs or their businesses or reputations. The Parties also agree that they will not talk about, write about, publicize, make available or otherwise disclose any information concerning any claims in the Case, or any facts or allegations underlying the Case. This obligation specifically bars the Plaintiffs from publishing, or causing to be or allowing to be published or assisting in any way with publishing any interview, article, book or other document, video, audio or other recordings in any form now known or subsequently developed, whether fiction or non-fiction, which, in whole or in part, discloses or relates directly or indirectly to any of the claims or allegations in the Case, and any of the facts underlying the Case and this Agreement.

(c) . . .

(d) The Plaintiffs agree that the only statement that they may make to any third party concerning the settlement of the Case is that 'The matter has been resolved'.

(e) . . .

ECF No. 67-1 at 4-5. Courts in this district routinely deny approval under *Cheeks* where agreements include confidentiality clauses like the above. *See*, *e.g.*, *Heiloo v. Fruitco Corp.*, No. 18-CV-1917 (JPO), 2019 U.S. Dist. LEXIS 185316, at *6 (S.D.N.Y. Oct. 25, 2019). Moreover, the nondisparagement clause is overbroad because it contains no carve out for truthful statements. For these reasons, the Court DENIES the Parties' request for approval of the Settlement Agreement.

The Parties are ORDERED to file a revised Settlement Agreement consistent with this Order or file a joint status report by March 30, 2021. Further, the Clerk of Court is respectfully directed to close the motion at Dkt. 65 and re-open this case.

SO ORDERED.

Dated: March 16, 2021
      New York, New York

                                          ANDREW L. CARTER, JR.
                                          United States District Judge